UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RONALD WADE,

    Petitioner,

v.                                        CASE NO. 6:05-cv-315-Orl-19JGG

UNITED STATES OF AMERICA,

    Respondent.

## **ORDER**

Petitioner filed an application for habeas corpus relief pursuant to 28 U.S.C. § 2241 (Doc. No. 1). The pleading challenges the validity of Petitioner's conviction and sentence on various ground.[1]

Since it appeared that Petitioner was actually seeking relief under 28 U.S.C. § 2255, the Court entered an Order requiring Petitioner to show cause why this case should not be treated as a section 2255 motion (Doc. No. 3).[2] Petitioner filed a reply (Doc. No. 5), and the Court entered an Order informing Petitioner that it intended to recharacterize the petition as a section 2255 motion and allowing Petitioner the opportunity to withdraw the motion or to amend it so that it contained all the section 2255 claims he believed he had (Doc. No. 6). Petitioner filed another reply (Doc. No. 7) in which he presented further argument in support of his claims that his sentence was entered erroneously.

---

[1] The underlying criminal case number was 6:95-cr-140-Orl-22.

[2] The Court notes that Petitioner previously filed a section 2255 motion with this Court, which was dismissed with prejudice. *See* Case number 6:99-cv-239-Orl-22.

The Court finds that, in the instant habeas petition, Petitioner is seeking relief under section 2255.[3] A petitioner typically collaterally attacks the validity of his federal sentence by filing a petition under section 2255, *see Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003), *cert. denied*, 540 U.S. 900 (2003), and he (or she) cannot "use § 2241 simply to escape the restrictions on second or successive § 2255 motions." *See Wofford v. Scott*, 177 F.3d 1236, 1245 (11th Cir. 1999).

Since Petitioner previously filed a federal habeas petition attacking his conviction and sentence, *see* case number 6:99-cv-239-Orl-22, which was dismissed with prejudice, the instant petition is subject to the restrictions on "second or successive" petitions. Consequently, before Petitioner will be permitted to file a second or successive section 2255 motion in this Court, Petitioner must move in the Eleventh Circuit Court of Appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § § 2244, 2255. For this reason, this case will be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit Court of Appeals.

Petitioner should be aware that section 2255 limits the circumstances under which the Court of Appeals will authorize the filing of a second or successive motion. Furthermore, section 2255 imposes a time limitation on the filing of a motion. Petitioner, in seeking relief in the Court of Appeals, should be cognizant of both of these provisions.

Accordingly, it is now **ORDERED AND ADJUDGED**:

1. This case is hereby **DISMISSED** without prejudice.

2. The Clerk of the Court is directed to close this case and to send Petitioner the

---

[3]Ostensibly, Petitioner brought the instant action under section 2241 because he previously filed a section 2255 motion, and he is prohibited from filing another section 2255 motion unless he first obtains authorization from the Eleventh Circuit Court of Appeals to file a successive motion.

appropriate form for filing a second or successive section 2255 motion.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this ___17th___ day of May, 2005.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
pslc 5/17
Ronald Wade